# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| TANYA M. WHITE | * | CIVIL ACTION NO. 03-740 |
| VERSUS | * | JUDGE JAMES |
| STATE FARM FIRE & CASUALTY COMPANY | * | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion for Summary Judgment filed by defendant, State Farm Fire & Casualty Company ("defendant" or "State Farm") (Document No. 31), pursuant to F.R.C.P. Rule 56. For reasons stated below, it is recommended that the motion be **GRANTED**.

This case was filed by the plaintiff, an African-American female, under the Family and Medical Leave Act, 29 U.S.C. 2601 *et. seq.* ("FMLA" or "the Act") and the Civil Rights Act of 1964, 42 U.S.C. 2000e *et. seq.* ("Title VII"). In her suit, plaintiff claimed that she was denied FMLA benefits and that she was "subjected to disparate treatment, including maintaining definite office hours" while on temporary assignment in Phoenix, Arizona. State Farm seeks dismissal of plaintiff's claims in their entirety.

Defendant claims that plaintiff had no substantive entitlement to leave under the FMLA and that she was not penalized for exercising rights under the FMLA. Defendant also claims that plaintiff had been consistent in her failure to perform her job duties with an acceptable level of proficiency. Defendant further claims that the plaintiff failed to give proper notice for the FMLA

1

leave as the leave was foreseeable based upon a planned medical treatment for a family member. Finally, defendant states that there was no racial discrimination on the part of State Farm in the termination of plaintiff's employment.

In her original complaint, plaintiff alleged that on July 17, 2002, she requested time off for her daughter's tonsillectomy scheduled for July 31, 2002. At her deposition, plaintiff claimed that she gave her supervisor notice of her need for FMLA leave on July 2, 2002. Defendant notes that, using either date, the plaintiff failed to give State Farm the statutorily mandated thirty (30) days notice before the planned procedure. Plaintiff claims that defendant State Farm terminated her employment due to her request for FMLA benefits and that she received disparate treatment due to her race.

## LAW AND ANALYSIS

Summary judgment is appropriate when the evidence before the Court shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. Rule 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## **FMLA CLAIMS**

The Family Medical Leave Act of 1993 was enacted to permit employees to take reasonable leave for medical reasons, for birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition. 29 U.S.C. § 2601(b)(1) &(2). The Act seeks to meet the needs of families in a manner that accommodates the legitimate interests of employers. 29 U.S.C. § 2601(b)(3). The Act applies to private-sector employers of 50 or more employees, and an employee is eligible for FMLA leave after working for a covered employer for at least 1250 hours during the preceding 12 months. 29 U.S.C. § 2611(4) & (2).

2

The FMLA gives employees certain entitlements and forbids employers from interfering with those entitlements. *Bocalbos v. National Western life Insurance*, 162 F.3d 379, 383 (5th Cir. 1998). Among its entitlements, the FMLA gives an eligible employee a right to twelve weeks of unpaid leave within a twelve-month period to care for a close family member who has a "serious health condition." *Id.*; 29 U.S.C. § 2612(a)(1)(C).

However, when an employee needs FMLA leave for the foreseeable medical treatment of herself or family members, she has certain duties to her employers. First, she must make a reasonable effort to schedule the treatment to avoid undue disruption to the employer's operations. 29 U.S.C. § 2612(e)(2)(A). Second, she must provide the employer with thirty days advance notice of the treatment, or as much notice as practicable if notice cannot be given thirty days in advance. 29 U.S.C. § 2612(e)(2)(B). If the need for leave is foreseeable based on a planned medical treatment for a serious health condition of the employee or of a family member, the employee is **required** to provide his or her employee with **at least** thirty (30) days advance notice before FMLA leave is to begin. 29 C.F.R. § 825.302 .

In *Fields v. St. Charles School Board*, 2000 WL 943220 (E.D. La. 2000), the court noted that the FMLA defines a "planned medical treatment" as treatment that can be reasonably scheduled in advance, such as surgery. *Id.* at 2. According to this definition, plaintiff's daughter's surgery was planned because it was scheduled significantly in advance of the date of the tonsillectomy. In addition, the deposition of plaintiff's child's surgeon, Dr. Lawrence J. Danna, confirmed that the child's tonsillectomy was not a medical emergency surgery, and that the delay between the diagnosis of the child's condition on June 20, 2002, and her tonsillectomy on July 31, 2002, would be inconsistent with an emergency procedure. (Danna Deposition, pp.9-

3

10, 12-13). Therefore, under 29 U.S.C. § 2612(e)(2)(A) and 29 C.F.R. § 825.302(e), plaintiff was required to give State Farm thirty (30) days notice of her need for leave under the FMLA. However, even using the later of the two dates on which the plaintiff claims she gave notice, plaintiff failed to comply with the 30 day notice requirement, giving only 28 days notice to State Farm. Plaintiff argues that she was traveling on the 30th day prior to her daughter's surgery and that she gave notice on the first non-travel day after the 30 day window. However, she does not claim that she was unable to schedule the surgery more than 30 days ahead of time, nor does she give any explanation for having failed to give notice before she commenced traveling. More importantly, the plaintiff admits that she was aware on June 20, 2002, that she would need leave for her daughter to have surgery. Had she given her employer notice of that need when she first learned of it, she and her employer could have worked together on the scheduling of the surgery so as to minimize the inconvenience to both, thus fulfilling the purposes of the FMLA. Having failed to give the required notice, the plaintiff did not qualify for FMLA leave.

In addition, under the undisputed facts submitted in connection with the motion for summary judgment, the defendant had pre-existing grounds to terminate the plaintiff's employment which were unrelated to the FMLA leave issue, and steps to terminate her employment had already been put in motion prior to the FMLA leave issue's even arising. The plaintiff has submitted no affidavits or other evidence to dispute the existence of the factual grounds for her termination as set out by the defendant, and in fact admitted most of them in her deposition. Her speculation that she would not have been assigned to the catastrophe team in Arizona if her termination had already been planned is simply insufficient to create an issue of fact. It is therefore recommended that the defendant's motion for summary judgment on this

basis be **GRANTED**.

Plaintiff also makes a retaliation claim in her original complaint. To establish a *prima facie* case for discrimination or retaliation under the FMLA, the plaintiff must demonstrate that: (1) he is protected under the FMLA; (2) he suffered an adverse employment decision; and either (3a) that the plaintiff was treated less favorably than an employee who had not requested leave under the FMLA; or (3b) the adverse decision was made because of the plaintiff's request for leave. *Bocalbos*, 162 F.3d at 383.

Plaintiff fails to make a prima facie case for discrimination or retaliation in this matter. Because plaintiff did not give the required notice as required under the law, plaintiff fails to establish entitlement to FMLA leave, the first element of a prima facie case for discrimination/retaliation under the FMLA. In the absence of FMLA protection for the plaintiff's absence, there can be no retaliation. It is therefore recommended that the defendant's motion for summary judgment on plaintiff's FMLA retaliation claim be **GRANTED.**

## TITLE VII CLAIMS

Defendant is also seeking summary judgment dismissing plaintiff's Title VII claims. To overcome a motion for summary judgment in an employment discrimination action, plaintiff must establish, by a preponderance of the evidence, a *prima facie* case of discrimination. *Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir. 1999) *(citing McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 801- 803, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)).

In order to establish a prima facie case for discrimination, plaintiff must prove by providing evidence "that she: (1) is a member of a protected class; (2) was qualified for her position; (3) was subject to an adverse employment action; and (4) was replaced by someone

outside the protected class," or, in the case of disparate treatment, shows "that others similarly situated were treated more favorably." *Okoye v. University of Texas Houston Health Science Center*, 245 F.3d 507, 512 -513 (5th Cir. 2001). (*citing Shackelford v. Deloitte & Touche, LLP,* 190 F.3d 398, 404 (5th Cir.1999)). If plaintiff successfully establishes a prima facie case of discrimination, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for its actions. *See McDonnell Douglas,* 411 U.S. at 802-4. If the defendant satisfies this burden, the plaintiff must prove that the proffered reasons are pretextual. Once a Title VII case reaches the pretext stage, the only question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination. *Shackelford,* 190 F.3d at 404.

The Title VII inquiry is "whether the defendant intentionally discriminated against the plaintiff." *Johnson v. Louisiana,* 351 F.3d 616, 621 (5th Cir. 2003). The burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 143, 120 S.Ct. 2007 (2000) (quoting *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256, 101 S.Ct. 189 (1981)).

The plaintiff has failed to oppose this portion of the defendant's motion at all, or to submit evidence of any facts contradictory to those submitted by the moving party in support of its motion for summary judgment on the Title VII claim. While the facts submitted in connection with a motion for summary judgment are to be reviewed with all inferences drawn in favor of the non-moving party, factual controversies are resolved in favor of the non-movant only when there is an actual controversy. That is, when both parties have submitted evidence of contradictory

6

facts. *McCallum Highlands, Limited v. Washington Capital DUS, Inc.*, 66 F.3d 89 (5th Cir. 1995). In the absence of an opposition, this Court must accept the evidence presented by the defendant and its statement of undisputed facts on this issue as true. ULLR 56.2E&W.

A review of those facts shows that the plaintiff has no evidence to prove a *prima facie* case of discrimination under Title VII, in that there is no evidence that she was treated differently from others similarly situated, or that she was replaced by someone outside the protected class. On the contrary, the undisputed evidence shows that the plaintiff was terminated from her employment for cause. For these reasons, it is recommended that defendant's Motion for Summary Judgment on plaintiff's Title VII claims be **GRANTED as well.**

**For the reasons stated above, it is recommended that the defendant's motion for summary judgment be GRANTED in its entirety, and that all of plaintiff's claims against the defendant be dismissed with prejudice.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 5th day of July, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE